IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| STEVEN PHILLIPS, an individual, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-18-649-R |
| (1) WILLIS TYRONE BRITTIAN, an individual; and (2) CRST EXPEDITED, INC., | ) |
| Defendants. | ) |

# ORDER

Before this Court is Defendants Willis Brittian and CRST Expedited, Inc.'s Combined Motion to Dismiss (Doc. 19). For the following reasons, this motion is DENIED.

Defendants "contend that this Court lacks subject matter jurisdiction" over this suit under either Oklahoma's Administrative Workers' Compensation Act ("OAWCA") or Iowa Workers' Compensation Act ("IWCA"). Doc. 19, at 4. Under Oklahoma's statute, "[t]he rights and remedies granted to an employee subject to the [statute] shall be exclusive of all other rights and remedies of the employee . . . against the employer . . . or any . . . employee . . . of the employer on account of injury, illness, or death." 85A O.S. § 5(A). Iowa's workers' compensation statute contains a similar provision. *See* Iowa Code § 85.20 ("The rights and remedies provided in this chapter . . . for an employee . . . on account of injury . . . shall be the exclusive and only rights and remedies of the employee . . . against

the employee's employer . . . [or] any other employee of such employer . . . ."). Defendants assert that these exclusivity provisions strip the Court of jurisdiction over this matter, as Plaintiff is seeking workers' compensation benefits in Iowa. *See generally* Docs. 19, 21.

Regardless of whether they are correct on the merits, Defendants are incorrect about this Court's continuing jurisdiction. State statutory exclusivity provisions, such as those above, provide "a substantive defense to liability, not a jurisdictional limitation." *Odom v. Penske Truck Leasing Co., L.P.*, 893 F.3d 739, 744 (10th Cir. 2018). In *Odom*, the Tenth Circuit remanded a case dismissed by the district court on the basis of the exclusivity provision of Oklahoma's workers' compensation scheme. *Id*. at 741. In remanding the case, the circuit court advised that defendant's original motion to dismiss—brought pursuant to Fed. R. Civ. P. 12(b)(6), but construed by the district court as a Rule 12(b)(1) motion—"*did not* constitute a challenge to the district court's subject-matter jurisdiction" because "Congress alone defines the lower federal courts' subject-matter jurisdiction." *Id*. at 742 (emphasis original). "[W]hen a state proscribes its own courts' jurisdiction over particular subject matter," said the court, "it does not divest the authority of federal courts within its borders." *Id*. However, "when a state closes its own courthouse doors on a claim it has created, a federal court applying that state's law may not grant relief on that claim either," as "the state jurisdiction-stripping provision is so wrapped up with the state-created right that it counts as substantive law . . . ." *Id*. at 742–43 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Therefore, the defendant's invocation of Oklahoma's exclusivity provision went to the merits of the claims, rather than the federal courts' jurisdiction. *See id*. at 743–44. Additionally, as federal courts still adhere to the Federal Rules of Civil

2

Procedure in diversity suits, district courts should consider a motion to dismiss that reaches beyond the pleadings by invoking "a state door-closing statute" as a Rule 56 motion for summary judgment, rather than as a Rule 12 motion. *Id.*; *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").[1]

Given the circuit court's recent decision in *Odom*, the state exclusivity provisions invoked by Defendant stand as substantive defenses better brought in a Rule 12(b)(6) motion, rather than jurisdictional arguments challenging this Court's subject matter jurisdiction via a Rule 12(b)(1) motion. *See Douglas v. Norton*, 167 F. App'x 698, 704 (10th Cir. 2006) (advising that district court should have treated Rule 12(b)(1) motion as Rule 12(b)(6) motion where defendant asserted a defense erroneously advanced as a jurisdictional limitation). Moreover, as Defendants present matters outside the pleadings, *see* Doc. 19, at 3–4, the Court would need to treat the instant motion as a summary judgment motion under Fed. R. Civ. P. 56. *See id.* at 705; *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998) ("A motion to dismiss for failure to state a claim

---

[1] The Tenth Circuit's *Odom* decision considers Oklahoma's workers' compensation scheme, but the decision's logic applies with equal force to Iowa's workers' compensation scheme. The general principle—that states may not strip federal courts of their subject matter jurisdiction—is not an Oklahoma-specific one. Moreover, courts applying Iowa's exclusivity provision have treated it as a substantive defense, rather than a jurisdictional limitation. *See Zurbriggen v. Twin Hill Acquisition Co.*, 338 F. Supp. 3d 875, 883 & n.5 (N.D. Ill. 2018) ("Although [defendant's] motion essentially challenges whether the courts . . . have subject matter jurisdiction . . ., the Seventh Circuit has clarified that the motion is properly characterized as a Rule 12(b)(6) motion, rather than as a Rule 12(b)(1) motion) (citing *Tacket v. Gen. Motors Corp.*, 93 F.3d 332, 334 (7th Cir. 1996)); *cf. Cox v. Fritz*, 56 F.3d 68, 1995 WL 324539, at *1 (8th Cir. 1995) (Table) (affirming judgment below where district court construed and granted defendant's Rule 12(b)(1) motion as a motion for summary judgment).

upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings."); *James v. McHugh*, No. CIV-13-315-R, 2013 WL 12066972, at *1 (W.D. Okla. Nov. 12, 2013) ("Moreover, as evidentiary matters outside of Plaintiff's complaint have been presented to this Court, Defendants' motion must be converted and treated as a motion for summary judgment under Fed. R. Civ. P. 56." (citing Fed. R. Civ. P. 12(d))).

Given the early stages of this litigation, however, the Court declines to convert Defendants' Rule 12(b) motion into a motion for summary judgment. In their motion, Defendants attempt to raise a factual challenge to subject matter jurisdiction based on the exclusivity provisions listed above. *See* Doc. 19, at 3–4 ("A factual challenge . . . goes beyond allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends." (internal quotation marks, citation, and brackets omitted)). But as Defendants acknowledge, "courts have broad discretion in determining whether or not to accept materials beyond the pleadings." *Lowe*, 143 F.3d at 1381. As noted, Defendants raise a substantive defense that necessitates consideration of matters beyond the pleadings. But because the parties have conducted no discovery, the Court will decline to consider extraneous materials and, thus, decline to convert this motion. *See Am. Nat'l Ins. Co. v. FirstCity P'ship Ltd.*, No. CIV-08-1363-F, 2009 WL 10702128, at *1 (W.D. Okla. Mar. 17, 2009) ("[T]he court declines to convert the motion because, at this stage, the record is so limited that conversion would be futile and would not serve the ends of justice. . . . [I]f the court were to convert the motion, the court would end up either striking the motion as premature or denying the converted motion."); *see also White v. Vilsack*, 888

F. Supp. 2d 93, 100 (D.D.C. 2012) ("Generally, the court is reluctant to consider a motion for summary judgment prior to discovery. After reviewing the parties' filings, the court concludes that the current record is not sufficiently developed to allow a determination as to whether a genuine dispute of material fact exists. . . . Accordingly, the court declines, in its discretion, to entertain [defendant's] motion for summary judgment before allowing a period for discovery." (citations omitted)); *Speedmark Transp., Inc. v. Mui*, 778 F. Supp. 2d 439, 440 n.1 (S.D.N.Y. 2011) ("Where, as here, additional materials are submitted to the Court for consideration with a Rule 12(b)(6) motion to dismiss, the Court must either exclude the additional materials and decide the motion based solely upon the complaint, or convert the motion to one for summary judgment under Fed. R. Civ. P. 56. . . . The Court declines to consider these extraneous materials and will not convert defendants' motion to dismiss into one for summary judgment, since plaintiffs have not had the opportunity to take discovery from defendants." (citations omitted)).

Defendants' motion does not attack the sufficiency of Plaintiff's claims as pled or argue that Plaintiff's factual allegations fail to state a claim.[2] Rather, the motion to dismiss rests entirely on Defendants' exclusivity argument. The issues raised by Defendant are better considered on summary judgment. Accordingly, as the Court declines to consider extraneous materials, Defendants' motion is DENIED.

---

[2] The only issue beyond the state exclusivity provisions raised by Defendants is a choice-of-law question. *See* Docs. 19, 21. This question, of course, is wrapped up in the exclusivity provisions—that is, does this Court apply Oklahoma's provision, Iowa's provision, or an entirely different state's provision? Plaintiff does not argue this issue at all; beyond attempting to evade an exclusivity bar in general, Plaintiff asks for further discovery on all issues raised by Defendants. *See* Doc. 20. The Court will need to consider extraneous materials to properly consider any choice-of-law issues. Accordingly, declining to convert the instant motion (and denying it) is the prudent course of action.

5

IT IS SO ORDERED this 10th day of January 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE