# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV-18-649-R |
| | ) |
| WILLIS TYRONE BRITTIAN, and | ) |
| CRST EXPEDITED, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion to Enforce Settlement Agreement, Doc. No. 40, the Motion for Summary Judgment, Doc. No. 47, and the Unopposed Motion to Set Hearing for Oral Argument, Doc. No. 49, filed by Defendants Willis Brittian and CRST Expedited, Inc. Plaintiff has responded, and Defendant has replied. Upon review of the parties' submissions, the Court grants Defendants' Motion for Summary Judgment. The Motion to Enforce Settlement Agreement and the Unopposed Motion to Set Hearing for Oral Argument are therefore denied as moot.

**I.     Background**

The following material facts are either uncontroverted or deemed admitted and are viewed in the light most favorable to the non-moving party. *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1220 (10th Cir. 2015). On May 11, 2018, Plaintiff Steven Phillips was a passenger in a tractor trailer driven by Defendant Willis Brittian. Both individuals were employed by Defendant CRST Expedited, Inc. While traveling in Beckham County,

1

Oklahoma, Defendant Brittian lost control of the vehicle causing an accident. Plaintiff Phillips was injured as a result of the accident. Plaintiff reported the injuries he sustained to Defendant CRST and initiated a claim for workers' compensation benefits in Iowa. *See* Doc. No. 47 ¶4; Doc. No. 51 ¶4. Thereafter, on July 3, 2018, Plaintiff filed this action seeking damages arising out of the same injuries that formed the claim for his workers' compensation claim in Iowa. *See* Doc. No. 1. In his Complaint, Plaintiff asserts three theories of relief: negligence and negligence per se against both Defendants, and negligent hiring, training, and supervision against Defendant CRST. *Id.* On September 5, 2019 the parties settled Plaintiff's workers' compensation claim. *See* Doc. No. 47, Ex. 2. The settlement was confirmed and accepted by the Iowa Workers' Compensation Commissioner. *Id.* Defendants now move to enforce that settlement agreement, Doc. No. 40, and for summary judgment, Doc. No. 47.

II. **Motion for Summary Judgement**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The presence of a genuine issue of material fact defeats the motion. An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.*

2

It is necessary then to establish what substantive law controls. Defendants contend that because this case is a diversity action filed in the Western District of Oklahoma, Oklahoma law applies. Doc. No. 47, p. 6–9. They argue the case can be resolved under Oklahoma's Administrative Workers' Compensation Act. *Id.* Nevertheless, they also argue the case may be decided in their favor under Iowa law—in accordance with Iowa's Workers' Compensation Act—as that is where Plaintiff's workers' compensation claim was handled. *Id.* at 9–10. Plaintiff does not address the issue.

The Court determines that Oklahoma law must be applied. Plaintiff has invoked the Court's diversity jurisdiction. Doc. No. 1. In a diversity action, the substantive law of the forum state applies. *Smith v. Burlington Ins. Co.*, 772 F. App'x 723, 724 (10th Cir. 2019); *see also Barnett v. Coe Prod. Co., LLC*, No. 16-CV-187-TCK-TLW, 2017 WL 1338145, at *2 (N.D. Okla. Apr. 7, 2017) (applying Oklahoma law even though Plaintiff collected workers' compensation benefits in Kansas).[1]

Defendants argue that the exclusive remedy provision of Oklahoma's Administrative Workers' Compensation Act bars Plaintiff's suit against Defendants CRST and Brittian. Doc. No. 47, p. 6–11. In response, Plaintiff concedes that the Act's exclusive remedy provision grants immunity to Defendant CRST. Doc. No. 51, p. 3. He does contend, however, that he was not acting in the course of his employment when he was injured—an argument presumably intended to remove Plaintiff from the purview of Oklahoma's Administrative Workers' Compensation Act. *Id.* at 1–2. Specifically, Plaintiff argues that

---

[1] While the Court finds Oklahoma law controlling, were Iowa law applied, the outcome would be the same. *See* I.C.A. § 85.20.

3

he was not acting within the course of his employment because he was asleep in the sleeper berth of the tractor trailer and was considered off duty at the time of the accident. *Id.*

Plaintiff's argument is unavailing. Oklahoma's Administrative Workers' Compensation Act defines "Course and scope of employment" as:

> an activity of any kind or character for which the employee was hired and that relates to and derives from the work, business, trade or profession of an employer, and is performed by an employee in the furtherance of the affairs or business of an employer. The term includes activities conducted on the premises of an employer or at other locations designated by an employer and travel by an employee in furtherance of the affairs of an employer that is specifically directed by the employer. This term does not include: . . .
>
> > d. any injury occurring while an employee is on a work break, *unless* the injury occurs while the employee is on a work break inside the employer's facility or in an area owned by or exclusively controlled by the employer and the work break is authorized by the employee's supervisor;

Okla. Stat. tit. 85A, § 2(13) (emphasis added). Plaintiff was required by federal safety regulations, and his employer, to take a break from driving the tractor trailer and sleep in the tractor trailer's sleeper berth. Doc. No. 51 (citing 49 C.F.R. § 395.8). Thus, at the time of his injury, Plaintiff was on an authorized work break in an area owned by his employer. He, by the Act's definition, was acting in the course and scope of his employment. *See* Okla. Stat. tit. 85A, § 2(13)(d).

What's more, Plaintiff has already admitted that he was acting in the course of his employment in his Response to Defendants' Request for Production No 17. Doc. No. 47, Ex. 3. His argument is further contradicted by his pursuit and subsequent collection of workers' compensation benefits under Iowa law. *See, e.g.*, I.C.A. § 85.20 (establishing that an employer, or another employee, may be liable for compensation to an employee for a

4

personal injury sustained by that employee "provided that such injury . . . arises out of and in the course of such employment . . . ."). Moreover, that Plaintiff may have been deemed momentarily "off duty" does not remove him from the purview of Oklahoma's workers' compensation scheme. *See St. Anthony Hosp. v. James*, 1994 OK CIV APP 176, 889 P.2d 1279 (finding an injury compensable under Oklahoma's workers' compensation scheme where employee was injured while off duty). Clearly, Plaintiff cannot be said to have been outside the course of employment when sleeping in the trailer's sleeper berth. The Court deems Plaintiff to have been in the course of employment at the relevant period and thus subject to the strictures of Oklahoma's Administrative Workers' Compensation Act.

Plaintiff also contends that Defendants failed to argue for Defendant Brittian's entitlement to summary judgment and therefore summary judgment should be denied as to Defendant Brittian. Again, Plaintiff is incorrect. In their Motion for Summary Judgment, Defendants make the following argument:

> Similarly, Defendant Brittian is immune from Plaintiff's claims of negligence and negligence per se. The remedy provided to Plaintiff in the OAWCA is also exclusive of "all other rights and remedies" that may be sought against "any principal, officer, director, *employee*, stockholder, partner, or prime contractor of the employer." 85A Okla. Stat. § 5(A) (emphasis added).
>
> The Oklahoma Supreme Court has even addressed this immunity in the context of work-related car accidents. In *Deffenbaugh v. Hudson*, 1990 OK 37, 791 P.2d 84, the plaintiffs brought a claim for negligence against a co-worker after they sustained injuries in an on-the-job accident involving their co-worker's personal vehicle. The Supreme Court of Oklahoma upheld summary judgment in favor of the defendant co-worker, holding that the exclusivity provision in the OAWCA "clearly abrogates the common-law right of action by one employee against another for accidental, job-related injuries." *Id.* at ¶17, 791 P.2d at 89. Under the OAWCA, the actions pled by

> Plaintiff are barred, and the Court must grant summary judgment as to all claims arising out of Plaintiff's work-related injury of May 11, 2018.

Doc. No. 47, p. 8–9.

Upon review, the Court finds Defendants' understanding of the law to be accurate. The Act's exclusive remedy provision states that "[t]he rights and remedies granted to an employee subject to the provisions of the [Act] shall be exclusive of all other rights and remedies of the employee . . . ." Okla. Stat. tit. 85A, § 5(A). Oklahoma courts have interpreted this provision to prohibit plaintiffs from seeking statutory or common law remedies for covered injuries. *Harrington v. Certified Sys.*, 2001 OK CIV APP 53, ¶ 9, 45 P.3d 430, 432. This Court has previously adopted that interpretation, as has the Tenth Circuit. *See Cornelsen v. S&A Mfg., Inc.*, No. CIV-16-959-HE, 2017 WL 1610384, at *1 (W.D. Okla. Apr. 28, 2017) ("Under the exclusivity provision, an employee who sustains injury in the course of employment must seek recovery through the state's administrative workers' compensation plan."); *Odom v. Penske Truck Leasing Co.*, 893 F.3d 739, 744 (10th Cir. 2018) (recognizing that the Act's exclusive-remedy provision provides a substantive defense to civil liability). And as demonstrated by Defendant, this exclusive remedy provision extends its immunity to employers, and to "any . . . employee . . . of the employer." Okla. Stat. tit. 85A § 5(A).

Plaintiff pursued relief by filing a workers' compensation claim and was subsequently compensated for his injury through that proceeding. He is therefore

6

prohibited from seeking additional relief for the same injury in this Court against either Defendant CRST or Brittian.[2]

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' Motion for Summary Judgment, Doc. No. 47. Accordingly, both the Motion to Enforce Settlement Agreement, Doc. No. 40, and the Unopposed Motion to Set Hearing for Oral Argument, Doc. No. 49, are denied as moot.

**IT IS SO ORDERED** this 17th day of January 2020.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Before concluding, the Court notes its frustration with the conduct of Plaintiff's counsel, Mark Edwards. Indeed, had Plaintiff not conceded that Defendant CRST could not be held liable in light of the exclusivity of workers' compensation under Oklahoma law, Mr. Edwards would be responding to a show cause order under Federal Rule of Civil Procedure 11(c)(3). *See* Fed. R. Civ. P. 11(5)(B). The plain terms of Plaintiff's workers' compensation settlement agreement and the exclusivity of workers' compensation under both Oklahoma and Iowa law rendered the action against CRST frivolous. Furthermore, in responding to Defendants' motion for summary judgment, Plaintiff apparently overlooked two pages of argument directed to why Mr. Brittian was entitled to summary judgment. Had counsel read the brief carefully, he would have known the motion addressed Mr. Brittian's liability, which was also clearly foreclosed by Oklahoma law, in addition to Plaintiff's workers' compensation settlement agreement. Finally, in an effort to avoid summary judgment, Plaintiff argued—without legal basis and contrary to both his admissions in this Court and his representations in the workers' compensation proceedings in Iowa—that he was not in the course of employment at the time of the accident. Pursuit of claims not warranted by existing law, like those sought by Plaintiff here, place an undue burden on opposing counsel and the Court; Mr. Edwards is admonished to avoid the same should he appear before the Court in the future.